Lee, J.
This is a writ of right brought in the Circuit court of Pendleton county in the names of J ames Bell and others against Adam Snyder and three others as. tenants. The writ and count describe the, demandants as being in part immediate heirs of Joseph Bell deceased, in part heirs of two others of the immediate heirs of said deceased, who were dead, and in part devisees of another heir, who was also deceased, and all as heirs and legal representatives of the said Joseph Bell deceased. The tenants named in the writ and in the count are Adam Snyder, Lewis Snyder, Peter Beverage and Samuel Rexrode. A plea was filed on *351 behalf of the tenants in which they are described as “ the aforesaid Adam Snyder, Lewis Snyder, Peter Rexrode and Samuel Rexrode.” This plea disclaims title to a portion of the land demanded, and then proceeds : “ And the said Adam Snyder, &c. cometh and defendeth the right of the said Joseph Bell’s heirs, devisees, &c. &c.” A replication was filed in which the tenants are styled “ The said Adam Snyder, Lewis Snyder, Peter Beverage and Samuel Rexrodeand the mise was joined on the mere right. A trial took place between the parties and there was a verdict for the tenants, which was set aside by the court. After a second ineffectual trial of the case, a third was had which resulted in a verdict for the tenants. This verdict was in the following words: “ We the jury do say that the tenants Adam Snyder, Lewis Snyder, Peter Beverage and Samuel Rexrode, have more right to hold the tenement whichJoseph Bell’s heirs demand against them by their writ of right than Joseph Bell’s heirs to have it as they demand.5’ The demandants moved the court to grant them a .new trial, but the court overruled the motion.; and the demandants excepted. The bill of exceptions sets out the documentary testimony read on the trial, and the evidence of the witnesses on both sides, instead of the facts which the evidence proved. A judgment was rendered on the verdict, and the demandants applied for and obtained a supersedeas from this court.
It is now suggested on behalf of the plaintiffs in error, that the verdict should be set aside and a repleader awarded because of the irregularity of the joinder of the mise upon the mere right; the tenants named in the writ and count being Adam Snyder, Lewis Snyder, Peter Beverage and Samuel Rexrode, while in the plea filed the name of “ Peter Beverage” is replaced by that of “Peter Rexrode;” and so no plea on behalf of Peter Beverage, and yet a verdict *352 and judgment are rendered in Ms favor as well as of Adam Snyder, Lewis Snyder and Samuel Eexrode. I think, however, the objection should not prevail. The name “ Peter Eexrode,” where it occurs in the plea$ may be a clerical error for “Peter Beverage,” or it may be the party may have been called indifferently by both names. The language of the plea is “the aforesaid Adam Snyder, Lewis Snyder, Peter Eexrode and Samuel Eexrode,” identifying the fopr tenants who were pleading as the same four named in the writ and count, though one is called by misnomer or a plurality of names, “Peter Eexrode” instead of “ Peter Beverage” as named in the writ and count. The demandants having suffered him to plead in the name of Peter Eexrode, have recognized him as the same man they have called Peter Beverage; and it is too late, after verdict, for them to take advantage of the apparent discrepancy. The statute of jeofails declares that no judgment after verdict shall be reversed for any defect or default in the writ, original or judicial, or for a variance in the writ from the declaration or other proceedings, or for any mispleading, insufficient pleading or misjoinder of issue, or for mistake of the Christian or surname of either party,” &c. 1 Rev. Code 1819, ch. 128, § 103, p. 511. And the irregularity here is, as I think, sufficiently embraced witMn the terms and meaning of this provision, and is thereby effectually remedied.
But it is contended on the part of the plaintiffs in error, that the verdict is contrary to the evidence and the justice of the case, and that the Circuit court erred in refusing to grant a new trial. The bill of exceptions taken to the opinion of the court overruling the motion for a new trial, is plainly obnoxious to the objection that it states the testimony given by the witnesses, and not the facts which, in the opinion of the court, it sufficed to prove. And as the parol *353 evidence is in some respects conflicting and contradictory, this court, according to the rule established in Bennett v. Hardaway, 6 Munf. 125, as modified by Carrington v. Bennett, 1 Leigh 340; Ewing v. Ewing, 2 Leigh 337, and other cases, must, in considering the motion for a new trial, disregard all the parol testimony on the part of the plaintiffs in error; and only allow the new trial if it shall be of opinion, after giving to the defendants in error the full benefit of all the testimony on their part, that the verdict is still contrary to the evidence. Pasley v. English, 5 Gratt. 141. Now tried by this rule, the question here is speedily determined; for it can scarcely be contended that if the evidence of the witnesses on the part of the plaintiffs in error be disregarded, and that on the part of the defendants alone considered, this court can say that the Circuit court ought to have granted a new trial. I am of opinion therefore upon this ground to affirm the judgment. But if the court could look into the evidence of the plaintiffs, and could give to it its fullest effect, I think there is still another and a fatal objection to their pretensions.
It is apparent that the demandants, if entitled to recover at all, upon their own proofs, could only recover upon the seizin of their ancestor; for no proof is given of such seizin in themselves as would enable them to recover upon it. And yet no evidence was offered by them to prove that they were, as they claimed to be, the heirs and legal representatives of Joseph Bell, to whom the patent under which they claimed title, issued; nor did they in any other way by proof connect themselves with the said patentee. Now upon the trial of the miso joined on the mere right, the demandant must prove both the seizin of the ancestor upon which he relies, and that he is the heir or legal representative of such ancestor. It is true that under our act reforming the method of proceeding in writs *354 of right and giving the forms of the pleading, he does not count upon the seizin “ by taking the esplees” aat common law, but the act does not dispense with the necessity of proving the seizin. Green v. Liter, 8 Cranch R. 229. And where a party claims as lineal heir, he must prove that the ancestor from whom he derives title was the person last seized of the premises as his inheritance, and that he is the heir of such ancestor. Co. Litt. 11 b; Jenkins v. Pritchard, 2 Wils. R. 45; 2 Greenl. Ev. 307; Adams on Eject, (by Tillinghast) 282. In 2 Saund. 45 f, it is said on the authority of Bro. Droit 48, that in a writ of right nothing can be pleaded but a collateral warranty; and that everything else may be given in evidence on the mise joined. The same is stated to be the rule in Booth on Real Actions, 98, 112; and in Tissen v. Clarke, 3 Wils. R. 419; though in Jackson on Real Actions, p. 288, it is said to be laid down too broadly, and that there are some other matters (of which he gives an instance,) which the tenant was always required to plead specially. But wherever the writ was brought upon the seizin of an ancestor, it was a good defence at common law to show that the demandant was not the heir of the person supposed to have been disseized.: And in an assize of morí de’ancestor, the tenant could make this defence without any special plea, because one of the points of the writ to be enquired of by the assize was whether the demandant was the next heir of the person last seized. Jackson on Real Act. 177. In a writ of entry and disseizin and certain writs of prcecipe, it would seem that the right of the demandant to bring the action .as heir was not brought in question under the general issue, yet as it was obviously .essential to the maintenance of the action, it might always be traversed by an appropriate special plea, Jackson, p. 155, 177. But such a plea was a plea in bar, not a plea in abatement. See forms of such pleas, Jackson, p. 181, 182, *355 183. In Virginia our statute furnishes the form of a plea by which the tenant puts himself upon the assize on the mere right, and provides that at the trial any matter may be given in evidence that might have been specially pleaded : And I think there can be no doubt that upon the mise joined on the mere right, every affirmative matter going to the right and title of the demandant, the want of which might have been pleaded in bar of this action (as contradistinguished from matter in abatement,) is necessarily put in issue, and he put to proof of the same. Now where the demandant seeks to recover as heir, the fact that he is heir is as material an element of his right to recover as is the title or seizin of his ancestor, and it as much, devolves upon him to- prove the former as it does to make out the latter.
The case of Linton v. Bartly, 9 Leigh 444, does not conflict with the foregoing opinion. In that case, there was proof that the demandants were heirs at law of the ancestor, but there was proof that there was one other who had been omitted. The nonjoinder of the omitted heir was clearly a matter in abatement, and was not therefore available on the mise joined. The cases of Green v. Liter, 8 Cranch R. 229; Garrard, v. Henry, 6 Rand. 110; and Walker v. Boaz, 2 Rob. R. 155, only prove the same general doctrine that on the mise joined matter of abatement cannot be taken advantage of by the tenant; but none of them touches the question arising in this case.
It is argued, however, that from the form of the pleadings in this case, taken in connection with the surveyor’s report and the verdict, it must be regarded as an admitted fact in the case that the demandants were the heirs of Joseph Bell, as they claimed; and no proof was therefore necessary. The writ and count describe the demandants as the heirs at law and legal *356 representatives of the said Joseph Bell; and the plea states that the tenants come and defend “ the right of the said Joseph Bell’s heirs, devisees,” &c. In the report of the surveyor, James Bell one of the demandants is spoken of as “ one of the surviving heirs of Joseph Bell deceasedand the verdict finds that the tenants “ have more right to hold the tenement which Joseph Bell’s heirs demand against them by their writ of right, than Joseph Bell’s heirs to have it as they demand.” The description in the writ and count of the demandants, is at most mere matter of claim and averment on their part that they are such heirs, and is neither necessary nor contemplated by the forms given by the statute : And the plea merely adopts the style and description which the demandants have assumed for themselves, for sake of identification; and being framed according to the statute for the purpose of joining the mise on the mere right, it is not to be construed as admitting the claim of heirship on the part of the demandant, or any other allegation which they might insert in the writ and count not required by the statute. And the verdict is to be construed in the same way as merely adopting the description which the demandants gave of themselves in their pleadings. It cannot be considered as any finding of the fact of such heirship, but must be regarded as having been couched in the language used for the sake of conformity.
As to the statement in the surveyor’s report, it was certainly no evidence that James Bell was one of the heirs of Joseph Bell. The surveyor was directed to make a survey of the land and report what he found on the ground. He wras charged with no enquiry as to the relation in which the demandants stood to Joseph Bell f and any statement he might make upon the subject is to- be regarded as totally irrelevant, or *357 as but a repetition of the pretensions of the demandants and the said James Bell already put forth in the case.
Upon the whole, it seems to me very clear that this court cannot say the Circuit court erred in overruling the motion for a new trial; and I am therefore of opinion that the judgment be affirmed.
The other judges concurred in the opinion of Lee, J.
Judgment affirmed.